UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KEVIN DELA KEMAH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 22-40022-TSH |
| MASSACHUSETTS REGISTRY OF MOTOR | ) | |
| VEHICLES, | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| KEVIN DELA KEMEH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 22-40023-TSH |
| JASON SILVESTRI, BRIAN FLUERY, | ) | |
| JACOB MOISIO, WILLIAM RECOS, | ) | |
| LARRY FLOWERS, and | ) | |
| DAVID LITCHFIELD, | ) | |
| Defendants. | ) | |

**MEMORANDUM OF DECISION AND ORDER**
**July 29, 2022**

HILLMAN, D.J.

**Background**

The Police Department Defendants

Kevin Dela Kemeh ("Kemeh" or "Plaintiff") has filed a complaint[1] against Jacob

Silvestri ("Silvestri"), Brian Fluery ("Fluery"), Jacob Moisio ("Moisio"), William Recos

---

[1] As will be set forth in more detail in this Memorandum of Decision and Order, Kemeh has filed multiple complaints against the defendants named in these suits, all which are vague and confusing. Kemeh's pro se status

("Recos"), Larry Flowers ("Flowers") and David Litchfield ("Litchfield") alleging claims for violation of his civil rights for trespassing on his life, liberty and property, false imprisonment, destroying his property and conspiracy to violate his civil rights. More specifically, Kemeh alleges that these individuals, who are members of the Paxton Police Department ("Paxton PD") or the Quinsigamond Community College Police Department ("QCC PD"), on multiple occasions violated his constitutional rights and conspired to violates his constitutional rights by arresting and falsely imprisoning him without probable cause; searching and seizing his automobile without probable cause or a warrant; destroying his property (his license plate); and/or wrongly seizing his passport card and failing to return it.

These allegations mirror the claims he had previously brought against these individuals in multiple other complaints he has filed against members of these police departments. More specifically, Kemeh previously filed an amended complaint against Silvestri, Fluery, Mark Savasta, the Paxton Police Department and unknown members of the Paxton Police Department. *See Kemeh v. Silvestri, et al.*, Civ. Act. No. 21-40098-TSH ("Silvestri 1"). In response to a motion to dismiss, Kemeh filed a rebuttal motion to dismiss, a mandatory judicial notice seeking entry of final judgment in his favor, and a motion for summary judgment. Thereafter, he voluntarily dismissed the case. He then filed a new complaint asserting essentially the same allegations against Silvestri, Fluery, Moiso and Recos. *See Kemeh v. Silvestri et al.*, Civ. Act. No. 21-40136 ("Silvestri 2"). In that case, Kemeh filed a motion for summary judgment before

---

"militates in favor of a liberal reading" of his pleading. *See Rodi v. S.New Eng. Sch. of Law,* 389 F.3d 5, 13 (1st Cir.2004). *See also Ahmed v. Rosenblatt,* 118 F.3d 886, 890 (1st Cir.1997) ("The policy behind affording pro se plaintiff's liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled"). However, Kemeh's *pro se* status does not absolve him of having to comply with this Court's rules of procedure.

defendants had an opportunity to file a responsive pleading. After defendants filed a motion to dismiss, Kemeh filed a motion demanding entry of judgment in his favor followed by a second motion for summary judgment, a demand for summary judgment and, ultimately, a voluntary dismissal.

Similarly, Kemeh filed an amended complaint against Flowers, Litchfield, the QCC PD, Chief of Police Kevin Ritacco and unknow members of the QCC PD. *See Kemeh v. Flowers et al.*, Civ. Act. No. 21-40102-TSH ("Flowers 1"). Once again, the Defendants filed a motion to dismiss to which Kemeh responded with a motion seeking entry of judgment in his favor, a motion for summary judgment and then a voluntary dismissal. Kemeh then filed a second complaint filed against Flowers and Litchfield. *See Kemeh v. Flowers et al.*, Civ. Act. No. 21-40134-TSH ("Flowers 2"). Kemeh did not give the defendants an opportunity to file a responsive pleading before filing two motions for summary judgment, and multiple motions demanding entry of judgment in his favor. He then voluntarily dismissed the case after the defendants filed a motion to dismiss.

Kemeh has now brought a combined complaint alleging substantially the same claims against these defendants which he alleged in Silvestri 1 & 2, and Flowers 1 & 2. After reviewing the complaint, this Court ordered Kemeh to show cause as to why the complaint should not be dismissed as frivolous and vexatious. The Court informed the defendants that they were not required to file a responsive pleading until it had reviewed Kemeh's response and determined whether his claims should go forward. Kemeh filed a response and, thereafter, filed a request for decision, and then a demand for a decision. *See* Docket Nos. 10 and 11. In light of Kemeh's demand for a ruling, the Court will address his Demand For Summary Judgment (Docket No. 3).

3

For the reasons set forth below, that motion is *denied,* and judgment shall enter for the defendants.

The Massachusetts Registry of Motor Vehicles

Kemeh has filed a complaint against the State of Massachusetts ("Commonwealth" or "Massachusetts") and the Massachusetts Registry of Motor Vehicles ("RMV") alleging claims for violation of his civil rights as the result of his being required to obtain a driving learner's permit and then refusing to cancel the "contract" for the same. Kemeh has also filed multiple complaints against the Commonwealth and/or RMV alleging similar claims (alleging that the RMV unlawfully required him to have a license/permit and register his motor vehicle) which follow the same script previously described, *i.e.*, he filed suit, demanded entry of judgment and filed premature motions for summary judgment before voluntarily dismissing the cases. *See Kemeh v. Massachusetts Registry of Motor Vehicles*, Civ.Act.No. 21-40103-TSH and *Kemeh v. Massachusetts Registry of Motor Vehicles*, Civ.Act.No. 21-40135-TSH.

After reviewing the latest complaint, this Court ordered Kemeh to show cause as to why the complaint should not be dismissed as frivolous and vexatious. The Court informed the defendants that they were not required to file a responsive pleading until it had reviewed Kemeh's response and determined whether his claims should go forward. Kemeh filed a response and, thereafter, filed a request for decision, and then a demand for a decision. *See* Docket Nos. 10 and 11. In light of Kemeh's demand for a ruling, the Court will address his Demand For Summary Judgment (Docket No. 5). For the reasons set forth below, the motion is *denied,* and judgment shall enter for the defendants.

## Facts

The essential facts are that Kemeh has been repeatedly stopped by members of the Paxton PD and/or QCC PD while driving his automobile in their respective jurisdictions. Kemeh was at all times engaged in private business, that is, he was not at the time engaged in any commercial activity and has never used his automobile for commercial purposes. Kemeh believes that an individual operating a private vehicle for non-commercial purposes is not legally obligated to register his vehicle, insure that vehicle or have a license to drive a motor vehicle in Massachusetts. Kemeh's car has seized and subjected to a search, and he has been arrested. Among the property which was seized from him at the time of his arrest was a passport card. Kemeh has been charged with driving without a license, driving an unregistered motor vehicle, and driving without insurance. Although most of his property was returned to him, he cannot find his passport card. Additionally, the "plate" on his private automobile was missing or destroyed.

Kemeh obtained a learner's permit from the RMV and is required to obtain a license. Kemeh has repeatedly informed the RMV that he no longer wishes to have a learner's permit and wants to cancel his "contract" with the RMV for the same. He claims that the RMV did not disclose the terms and conditions of the permit to him and therefore, it is a fraudulent document and the RMV's refusal to cancel the permit has deprived him of life, liberty and the pursuit of happiness in violation of the United States Constitution.

## Standard of Review

Summary Judgment is appropriate where, "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." *Carroll v. Xerox Corp.*, 294 F.3d 231, 236 (1ˢᵗ Cir. 2002) (citing Fed. R. Civ. P. 56(c)).

"'A "genuine" issue is one that could be resolved in favor of either party, and a "material fact" is

one that has the potential of affecting the outcome of the case.'"   *Sensing v. Outback Steakhouse*

*of Florida, LLC*, 575 F.3d 145, 152 (1ˢᵗ Cir. 2009) (quoting *Calero-Cerezo v. U.S. Dep't. of*

*Justice*, 355 F.3d 6, 19 (1ˢᵗ Cir. 2004)).

     When considering a motion for summary judgment, the Court construes the record in the

light most favorable to the nonmoving party and makes all reasonable inferences in favor

thereof.   *Sensing,* 575 F.3d at 153.   The moving party bears the burden to demonstrate the

absence of a genuine issue of material fact within the record. *Id.,* at 152*.* Finally, a court may

enter summary judgment in favor of the *nonmoving party* pursuant to Federal Rule of Civil

Procedure 56(f)(1) if that party is entitled to judgment as a matter of law and "the losing party

[is] on notice that she had to come forward with all of her evidence." *Rogers v. Mgmt. Tech.,*

*Inc.*, 123 F.3d 34, 38 (1ˢᵗ Cir. 1997) (quotation marks omitted).[2]

## Discussion

     In order to state a claim under Section 1983, Kemeh must establish that a person acting

under the color of law denied him a right secured by the constitution or by federal law. 42 U.S.C.

§ 1983. Kemeh has alleged claims under Section 1983 against members of the Paxton PD and

QCC PD for violation of his constitutional rights to be free from illegal seizure of his person and

property and for illegal retention and/or destruction of his property. He has alleged claims

against the Commonwealth and RMV for violating his constutional right to life, liberty and the

---

[2] Given the posture of these cases and Kemeh's "demand" that the Court address his motions for summary
judgment, he had adequate notice that judgment could be entered against him.

pursuit of happiness (as the restult of the RMV's failure to cancel his learner's permit "contract").

Kemeh's claims against all Defendants in these cases are based on a fundamental misunderstanding or deliberate refusal to recognize Massachusetts law regarding the *privilege* of driving a motor vehicle on public ways. More specifically, it is clear from his submissions in these cases that Kemeh is taking the position that he is not required to have a valid driver's license to operate a "private" motor vehicle in the Commonwealth (and elsewhere) and is not required to register or insure his "private" motor vehicle. Kemeh is incorrect as all are requirements for driving any motor vehicle, including a "private" vehicle, on a public way in Massachusetts. *See* Mass.Gen.L., ch. 90, §§ 9, 10, 34(J). Failure to comply with these laws is a criminal offense. Moreover, under Massachusetts law, all private motor vehicles are required to have a vehicle identification number. *See* Mass. Gen. L., ch. 90, §§2-5, 7(R).   Accordingly, The alleged actions taken by the Defendant police officers of impounding his vehicle, confiscating and destroying his license plates (which were not official plates), and arresting him were lawful under the circumstances. Additionally, he himself has admitted that his allegation that one of the Defendants destroyed his passport card is mere supposition. Finally, the factual assertions made against the RMV and the Commonwealth simply do not state any kind of legal claim for violation of constitutional rights or otherwise.[3]

---

[3]  Additionally, at least to the extent that Kemeh may seek monetary damages, the Commonwealth and RMV are not "persons" subject to suit under the Section 1983, and, in any event, are not subject to suit in this Court pursuant to the Eleventh Amendment.

On the record before me, even assuming the facts in favor of Kemeh, his motions for summary judgment must be denied and because there is no genuine issue of material fact and it is clear as a matter of law that he has no legal claims against any Defendants, summary judgment shall enter for the Defendants in these cases.[4]

## Conclusion

1. The Demand For Summary Judgment (Docket No. 5) in Civ.Act.No. 22-40022-TSH is **_denied_**. Summary Judgment shall enter for the Defendants.

2. The Demand for Summary Judgment (Docket No. 3) in Civ.Act.No. 22-40023-TSH is **_denied_**. Summary Judgment shall enter for Defendants.

/s/ **_Timothy S. Hillman_**
TIMOTHY S. HILLMAN
DISTRICT JUDGE

---

[4] The Court notes some of the observations made in this opinion are collateral to the issues before it, however, they have been addressed only because of the concern that given Kemeh's apparent misunderstanding of the legal requirements for driving a motor vehicle in this Commonwealth (and generally in this country), he may subject himself to future traffic stops and arrests. Kemeh is advised to seek counsel regarding such legal requirements before continuing to drive a motor vehicle. Moreover, Kemeh is now on notice (if he wasn't before) that any future suit filed against any individual or entity based on his abject misinterpretation regarding the law applying to operation of motor vehicles will be reviewed to determine whether such suit is frivolous and/or vexatious. If the Court determines that such suit is frivolous or vexatious, Kemeh will be subject to summary dismissal of the complaint and/or monetary sanctions.